BRETT L. TOLMAN, United States Attorney (#8821)
LYNDA R. KRAUSE, Assistant United States Attorney (#7433)
Attorneys for the United States of America
185 South State Street, Suite 400 • Salt Lake City, Utah  84111
Telephone:  (801) 524-5682 • Facsimile:  (801) 524-4475

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:07 CR 00075 DN |
| Plaintiff, | : | |
| vs. | : | STATEMENT OF DISCOVERY POLICY AND NOTIFICATION OF |
| SERGIO TORRES CRUZ, | : | COMPLIANCE WITH CRIMINAL RULE 16-1 (h), FEDERAL RULES OF |
| Defendant. | | PRACTICE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby provides notice to counsel for the defendant of its statement defining the discovery policy that the United States intends to employ in this case.

1.  The government shall provide copies of, or will make available for inspection, the following items all as defined in Rule 16 of the Federal Rules of Criminal Procedure:

        a.      Statements of the defendant;

        b.      The prior record of the defendant;

        c.      Documents and tangible objects which are intended to be used as evidence in the government's case in chief at the trial;

        d.      Reports of examinations and tests which the government intends to use as evidence in its case in chief at trial; and

e. All tangible evidence, including documents, gathered by the investigating agencies, the United States Attorney's Office, or the grand jury, from witnesses and potential witnesses during the investigation of this matter. Such items, including controlled substances, may be inspected by counsel after arrangements are made through this office with the investigative agency.

f. A written summary of the testimony of any experts the government intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

g. All reports of witness interviews (e.g., FD-302, DEA-6, etc.) prepared by investigative agencies during the investigation of this case.

The above-described items will be made available to counsel as soon as practicable after the later of the time at which the United States receives notice that counsel has entered an appearance, or the item is known to and available to the United States.

Items of physical evidence, including drug evidence, firearms, other contraband, or the originals of documents, will not be released from the custody of the investigating agencies. Should defendants wish independent tests of drug evidence, samples will be provided directly to defendant's designated lab only by order of the Court and in accordance with standard government procedures. Requests for defense tests of other physical evidence will be handled in a similar manner, on an instance-by-instance basis.

2. The following are specifically excluded from the terms of paragraph (1) above:

a. Items excluded from disclosure under Rule 16(a)(2) of the Federal Rules of Criminal Procedure, which items shall not be provided;

b. The identity of any confidential informant or confidential source, which shall not be provided unless and until the defendant demonstrates that disclosure is required under Rovario v. United States, 353 U.S. 53 (1957) and its progeny, and subject to an appropriate protective order, if approved by the Court;

The identity of confidential informants or confidential sources which the United States intends to use in its case-in-chief at trial, and Giglio material relating to such individuals, will be provided at an appropriate time before trial. Once such information has been provided, the United States will no longer entertain plea negotiations with the defendant;

c. Statements covered by the Jencks Act, 18 U.S.C. §3500, which statements will be provided at a reasonable time before trial; and

        d.      Notes taken at pre-trial interviews of witnesses at which a prosecutor is present, which shall not be provided.

3.  Any document, tangible object, and report of examination and test which is material to the defense which are not made available for inspection pursuant to paragraph (1) and which are not excluded pursuant to paragraph (2), will be made available, if in existence and in the possession of the United States, upon the specific request of the defendant and upon a showing of materiality by the defendant.  If the parties are unable to agree on whether any item is material, the issue will be presented to the Court.

4.  This Statement of Discovery Policy eliminates the need for the defendant to make a written request for material discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, subject to the limitations listed above.  This Statement of Discovery Policy also eliminates the need for the defendant to make a written request for all Jencks Act material.

5.  This Statement of Discovery Policy constitutes a request by the United States for disclosure of evidence by the defendant (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c).

It is the position of the United States that this Statement of Discovery Policy constitutes "open-file" discovery within the meaning of the local rule which states that the defendant must allow the government to inspect and to copy the following as defined in Rule 16 of the Federal Rules of Criminal Procedure:

        a.      Documents and tangible objects which the defendant intends to introduce as evidence at trial;

        b.      Reports of examinations and tests which the defendant intends to introduce at trial or which were prepared by a witness whom the defendant intends to call at trial; and

        b.      A written summary of the testimony of any expert the defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

This Statement of Discovery Policy constitutes a request by the United States that the defendant provide to the government, a reasonable time before trial, but at least five working days before trial, copies of the material listed in this paragraph and of all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial.

6.  The United States will not provide discovery of summaries of the case by investigating agents or attorney work product, nor the grand jury testimony of law enforcement agents unless required by the Jencks Act, or by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United</u>

States, 405 U.S. 150 (1972) and their progeny, or at the government's discretion.

7.  The United States will furnish all exculpatory and impeaching material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972) and their progeny.  Giglio material may be provided subject to an appropriate protective order, if such is approved by the Court.

8.  The United States acknowledges its continuing obligation to provide discovery of newly obtained material under the terms of this Statement of Discovery Policy.  The United States expects the defendant to assume the same obligation.

Pursuant to Criminal Rule 16-1 (h) of the Federal Rules of Practice of the United States District Court for the District of Utah, the United States hereby files this Notification of Compliance indicating the disclosures made under Rule 16 of the Federal Rules of Criminal Procedure.

■A copy of the following was provided to defense counsel named in the attached Certificate of Service on March 5, 2007:

1. Documents numbered #00001-00011 provided on disk.

The United States will continue to provide defendant with discoverable material as it comes into the possession of the United States, and consistent with the policy described herein and the law.

DATED this 8th day of March, 2007.

BRETT L. TOLMAN
United States Attorney

Lynda R. Krause
_____
LYNDA R. KRAUSE
Assistant United States Attorney

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing STATEMENT OF DISCOVERY POLICY AND NOTIFICATION OF COMPLIANCE was caused to be provided, to all persons named below, this 8th day of March, 2007.

John D. Sorge
299 S. Main Street, 13th Floor
Salt Lake City, Utah 84111

/s/ Brooke Wallace

_____